## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>ROCHDALE INSURANCE COMPANY, )<br><br>Defendant. ) | ECF Case No. 07 CV 3135 (WHP)<br><br><br><br><br><br>**COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

For its Complaint, Plaintiff Lexington Insurance Company ("Lexington"), by and through its counsel, Wechsler & Cohen, LLP, alleges as follows:

### INTRODUCTION

1.    Plaintiff Lexington Insurance Company ("Lexington") seeks recovery of monies owed by defendant Rochdale Insurance Company ("Rochdale") on claims arising under a reinsurance contract between Lexington and Rochdale.  Rochdale has refused to pay Lexington amounts due and owing.

### PARTIES

2.    The Plaintiff, Lexington, is a corporation duly organized under the laws of Delaware with a principal of business in Boston, Massachusetts.

3.    The Defendant, Rochdale, is a corporation duly organized under the laws of New York with a principal place of business in New York, New York.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(a).

## FACTUAL STATEMENT

6.      Lexington issued Policy No. IF8606563 to Browning-Ferris Industries, Inc., *et al* ("BFI") in effect from August 9, 1975 to August 9, 1978 (the "Lexington Policy"). The Lexington Policy, cancelled effective June 28, 1976, was an all risk, first party primary policy.

7.      Rochdale issued Facultative Certificate No. 03458 to Lexington (the "Facultative Certificate"), providing reinsurance protecting the Lexington Policy. A copy of the Facultative Certificate is attached hereto as Exhibit A.

8.      Under the Facultative Certificate, Rochdale agreed to pay a 10% share of each loss, for each location (up to $300,000) covered under the Lexington Policy. *See* Exhibit A.

9.      The Facultative Certificate states that "[t]he liability of the Reinsurers specified in this Certificate shall follow that of the Company..." *See id.,* Certificate Provisions, ¶1(a).

10.     The Facultative Certificate further states that "[a]ll claims covered by this reinsurance when settled by the Company shall be binding on the Reinsurers, who shall be bound to pay their proportion of such settlements." *See id.,* ¶5.

11.     In 2003, Lexington provided Rochdale with a precautionary reserve advice under the Facultative Certificate with regard to BFI claims under the Lexington Policy which were the subject of a lawsuit BFI filed in Superior Court of Arizona, County of Maricopa, seeking an

2

adjudication of its rights under various first party property policies issued to BFI (the "Arizona Action").

12.    In 2004, after litigation and evaluation of potential exposure, Lexington and BFI reached a confidential settlement of the Arizona Action.

13.    On or about March 2, 2005, Lexington billed Rochdale for Rochdale's share of the settlement under the terms of the Facultative Certificate (the "BFI Billing"). The BFI Billing to Rochdale totaled $550,072.64. Lexington also provided Rochdale with a packet of detailed claims information, including claim history, a chronology and loss allocation information (the "Claims Data").

14.    In the ensuing months, Lexington pursued Rochdale regarding the Facultative Certificate and payment of the BFI Billing.

15.    It was not until a year later that Rochdale requested a copy of the Lexington Policy. It also requested another copy of the Claims Data as well as evidence of the authority of its own reinsurance manager, Willcox, Baringer & Co., Inc. ("Willcox, Baringer"), to issue the Facultative Certificate on Rochdale's behalf.

16.    Lexington provided Rochdale with a second copy of the Claims Data, along with the other requested information, noting, *inter alia*, that on its face, the Facultative Certificate reflected that Willcox, Baringer (also the reinsurance broker), had apparent if not actual authority on which Lexington had every right to rely and on which it did rely.

17.    Over the course of the next several months, Rochdale made additional requests for copies of information already provided by Lexington and raised the same or variations of the same issues that Lexington had already fully addressed.

18.    While Lexington again provided Rochdale with copies of the requested information, it advised Rochdale that it was becoming increasingly concerned that Rochdale was raising meritless issues as a means of avoiding its contractual obligations.

19.    On or about November 1, 2006, Rochdale denied coverage under the Facultative Certificate (the "November 1 Denial") and, for the first time (almost two years after the reinsurance billing), suggested that because Rochdale did not understand how the losses were allocated, Lexington did not properly allocated the reinsurance claims.

20.    Lexington again responded to the points raised by Rochdale in its November 1 Denial, provided a detailed explanation of its allocation methodology, and reiterated its demand for full payment under the Facultative Certificate within a specified period of time.

21.    Rochdale has failed to respond in any way to Lexington's last response. It has not raised any further questions, including any issues concerning loss allocation, and has failed to pay the $550,072.64 owed Lexington under the Facultative Certificate.

## COUNT I-BREACH OF CONTRACT

22.    Lexington repeats and realleges the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

23.    Lexington has fully complied with all the terms and conditions of the Facultative Certificate.

24.    Rochdale has breached its contractual duties under the Facultative Certificate by failing to meet its payment obligations thereunder.

25.    As a direct and proximate result of Rochdale's conduct, Lexington has sustained and continues to sustain damages.

## COUNT II-BREACH OF DUTY OF UTMOST GOOD FAITH

26.    Lexington repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

27.    A reinsurer owes a duty of utmost good faith and fair dealing in all dealings with its reinsured.

28.    By refusing to honor its payment obligations under the Facultative Certificate and by continuously raising new defenses, ignoring previously provided information and repeatedly requesting the same information, Rochdale has breached this duty.

29.    As a direct and proximate result of Rochdale's conduct, Lexington has sustained and continues to sustain damages.

**WHEREFORE**, the plaintiff Lexington Insurance Company prays that this Court award:

a.    Damages in the amount of $550,072.64;

b.    Attorneys fees, costs and interest; and

c.    Such other relief the Court deems equitable and just.

## JURY DEMAND

The Plaintiff, Lexington Insurance Company, requests a trial by jury on all triable claims.

DATED:  April 18, 2007

LEXINGTON INSURANCE COMPANY,

By its attorneys,

WECHSLER & COHEN, LLP

Mitchell S. Cohen (MSC 1584)
17 State Street, 15th Floor
New York, New York 10004
(212) 847-7900

5