**Notice of Lawsuit and Request for Waiver of Service of Summons**

TO:    Hargraves, McConnell & Castigan P.C. as agent of Rochdale Insurance Company

A lawsuit has been commenced against Rochdale Insurance Company ("Rochdale"). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Southern District of New York and has been assigned docket number 07 CV 3135.

This is not a formal summons or notification from the court, but rather our request that Rochdale sign and return the enclosed waiver of service in order to save the costs of serving it with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if we receive a signed copy of the waiver within 30 days after the date designated below as the date as of which this Notice and Request is sent. We enclose a stamped and addressed envelope for your use. An extra copy of the waiver is also attached for Rochdale's records.

If Rochdale complies with this request and returns the signed waiver, it will be filed with the court and no summons will be served on it. The action will then proceed as if Rochdale had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent.

If Rochdale does not return the signed waiver within the time indicated, we will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, as authorized by those Rules, ask the court to require Rochdale to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

This request is being sent to you on behalf of the plaintiff, as of this fifth day of May, 2007.

WECHSLER & COHEN, LLP

_Debora A. Pitman_

Debora A. Pitman (DAP 3291)
17 State Street, 15th Floor
New York, New York 10004
(212) 847-7900

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, ) | ECF Case No. 07 CV 3135 (WHP) |
| Plaintiff, ) | |
| v. ) | |
| ROCHDALE INSURANCE COMPANY, ) | **COMPLAINT** |
| Defendant. ) | **AND** |
| ) | **JURY DEMAND** |

For its Complaint, Plaintiff Lexington Insurance Company ("Lexington"), by and through its counsel, Wechsler & Cohen, LLP, alleges as follows:

### INTRODUCTION

1.      Plaintiff Lexington Insurance Company ("Lexington") seeks recovery of monies owed by defendant Rochdale Insurance Company ("Rochdale") on claims arising under a reinsurance contract between Lexington and Rochdale.  Rochdale has refused to pay Lexington amounts due and owing.

### PARTIES

2.      The Plaintiff, Lexington, is a corporation duly organized under the laws of Delaware with a principal of business in Boston, Massachusetts.

3.      The Defendant, Rochdale, is a corporation duly organized under the laws of New York with a principal place of business in New York, New York.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(a).

## FACTUAL STATEMENT

6.      Lexington issued Policy No. IF8606563 to Browning-Ferris Industries, Inc., *et al* ("BFI") in effect from August 9, 1975 to August 9, 1978 (the "Lexington Policy"). The Lexington Policy, cancelled effective June 28, 1976, was an all risk, first party primary policy.

7.      Rochdale issued Facultative Certificate No. 03458 to Lexington (the "Facultative Certificate"), providing reinsurance protecting the Lexington Policy. A copy of the Facultative Certificate is attached hereto as Exhibit A.

8.      Under the Facultative Certificate, Rochdale agreed to pay a 10% share of each loss, for each location (up to $300,000) covered under the Lexington Policy. *See* Exhibit A.

9.      The Facultative Certificate states that "[t]he liability of the Reinsurers specified in this Certificate shall follow that of the Company..." *See id.,* Certificate Provisions, ¶1(a).

10.     The Facultative Certificate further states that "[a]ll claims covered by this reinsurance when settled by the Company shall be binding on the Reinsurers, who shall be bound to pay their proportion of such settlements." *See id.*, ¶5.

11.     In 2003, Lexington provided Rochdale with a precautionary reserve advice under the Facultative Certificate with regard to BFI claims under the Lexington Policy which were the subject of a lawsuit BFI filed in Superior Court of Arizona, County of Maricopa, seeking an

2

adjudication of its rights under various first party property policies issued to BFI (the "Arizona Action").

      12.    In 2004, after litigation and evaluation of potential exposure, Lexington and BFI reached a confidential settlement of the Arizona Action.

      13.    On or about March 2, 2005, Lexington billed Rochdale for Rochdale's share of the settlement under the terms of the Facultative Certificate (the "BFI Billing"). The BFI Billing to Rochdale totaled $550,072.64. Lexington also provided Rochdale with a packet of detailed claims information, including claim history, a chronology and loss allocation information (the "Claims Data").

      14.    In the ensuing months, Lexington pursued Rochdale regarding the Facultative Certificate and payment of the BFI Billing.

      15.    It was not until a year later that Rochdale requested a copy of the Lexington Policy. It also requested another copy of the Claims Data as well as evidence of the authority of its own reinsurance manager, Willcox, Baringer & Co., Inc. ("Willcox, Baringer"), to issue the Facultative Certificate on Rochdale's behalf.

      16.    Lexington provided Rochdale with a second copy of the Claims Data, along with the other requested information, noting, *inter alia*, that on its face, the Facultative Certificate reflected that Willcox, Baringer (also the reinsurance broker), had apparent if not actual authority on which Lexington had every right to rely and on which it did rely.

      17.    Over the course of the next several months, Rochdale made additional requests for copies of information already provided by Lexington and raised the same or variations of the same issues that Lexington had already fully addressed.

3

18.    While Lexington again provided Rochdale with copies of the requested information, it advised Rochdale that it was becoming increasingly concerned that Rochdale was raising meritless issues as a means of avoiding its contractual obligations.

19.    On or about November 1, 2006, Rochdale denied coverage under the Facultative Certificate (the "November 1 Denial") and, for the first time (almost two years after the reinsurance billing), suggested that because Rochdale did not understand how the losses were allocated, Lexington did not properly allocated the reinsurance claims.

20.    Lexington again responded to the points raised by Rochdale in its November 1 Denial, provided a detailed explanation of its allocation methodology, and reiterated its demand for full payment under the Facultative Certificate within a specified period of time.

21.    Rochdale has failed to respond in any way to Lexington's last response. It has not raised any further questions, including any issues concerning loss allocation, and has failed to pay the $550,072.64 owed Lexington under the Facultative Certificate.

## COUNT I-BREACH OF CONTRACT

22.    Lexington repeats and realleges the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

23.    Lexington has fully complied with all the terms and conditions of the Facultative Certificate.

24.    Rochdale has breached its contractual duties under the Facultative Certificate by failing to meet its payment obligations thereunder.

25.    As a direct and proximate result of Rochdale's conduct, Lexington has sustained and continues to sustain damages.

4

## COUNT II-BREACH OF DUTY OF UTMOST GOOD FAITH

26.    Lexington repeats and realleges the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

27.    A reinsurer owes a duty of utmost good faith and fair dealing in all dealings with its reinsured.

28.    By refusing to honor its payment obligations under the Facultative Certificate and by continuously raising new defenses, ignoring previously provided information and repeatedly requesting the same information, Rochdale has breached this duty.

29.    As a direct and proximate result of Rochdale's conduct, Lexington has sustained and continues to sustain damages.

**WHEREFORE**, the plaintiff Lexington Insurance Company prays that this Court award:

     a.    Damages in the amount of $550,072.64;

     b.    Attorneys fees, costs and interest; and

     c.    Such other relief the Court deems equitable and just.

### JURY DEMAND

The Plaintiff, Lexington Insurance Company, requests a trial by jury on all triable claims.

DATED:  April 18, 2007

                  LEXINGTON INSURANCE COMPANY,

                  By its attorneys,

                  WECHSLER & COHEN, LLP

                  Mitchell S. Cohen (MSC 1584)
                  17 State Street, 15th Floor
                  New York, New York 10004
                  (212) 847-7900

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LEXINGTON INSURANCE COMPANY,

                           Plaintiff,

        -against-

ROCHDALE INSURANCE COMPANY,

                          Defendant.
-----------------------------------------------------------------X

ECF Case No. 07 CV 3135 (WHP)

**RULE 7.1 STATEMENT**

       Pursuant to Federal Rule of Civil Procedure 7.1 (formerly Local General Rule 1.9) and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Lexington Insurance Company (a private non-governmental party) certify that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held:

                  American International Group, Inc.

Date: April 18, 2007

                                   _____
                                   Mitchell S. Cohen (MSC 1584)

May 7, 2002

## INDIVIDUAL PRACTICES OF JUDGE WILLIAM H. PAULEY III

500 Pearl Street
Chambers 2210
Courtroom 11D
New York, NY 10007

　　　　Unless otherwise ordered by Judge Pauley, matters before Judge Pauley shall be conducted in accordance with the following practices:

1.    **Communications With Chambers**

    A.    **Letters.**  Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel.  Copies of correspondence between counsel shall not be sent to the Court.

    B.    **Telephone Calls.**  Except as provided in Paragraph 1(D) below, **telephone calls to chambers are permitted only in emergency situations requiring immediate attention**.  In such situations, call chambers at (212) 805-6387.  For general information, please contact the Clerk of the Court for the United States District Court, Southern District of New York, at (212) 805-0136.  Pro se litigants shall call (212) 805-0175.

    C.    **Faxes.**  Faxes to chambers are not permitted.

    D.    **Docketing, Scheduling and Calendar Matters.**  For docketing, scheduling and calendar matters, call Courtroom Deputy Stanley A. Pugliese at (212) 805-6393 between 8:30 a.m. and 5:00 p.m.

    E.    **Requests for Adjournments or Extensions of Time.**  All requests for adjournments or extensions of time must state (1) the original date, (2) the reason(s) for the request, (3) the number of previous requests and whether they were granted, and (4) whether the adversary consents and, if not, the reasons why the adversary refuses to consent.  For requests to extend discovery, additionally state what discovery has been conducted and what discovery is incomplete.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached.  If the request is for an adjournment of a court appearance, **absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.**

1

    **F.**    **Oral Argument on Motions.** The Court will notify counsel if oral argument is required. Oral argument ordinarily will be held on Friday.

**3.**    <u>Confidentiality Agreements</u>

    **A.**    **Standing Orders.** Proposed protective orders shall conform with the standing orders of the Southern District of New York, including Standing Order No. M-10-468 concerning sealed documents.

    **B.**    **Filing Documents under Seal.** Parties must obtain leave of this Court before filing any document under seal. Proposed protective orders shall include a provision reflecting that requirement.

**4.**    <u>Pretrial Procedures</u>

    **A.**    **Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case, the parties shall submit to the court for its approval a joint pretrial order, which shall include the following:

        i.    The full caption of the action.

        ii.    The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

        iii.    A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

        iv.    A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

        v.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

        vi.    A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

5.    <u>Default Judgments</u>

    A.    **Applications.** Applications for default judgments will not be accepted absent the following:

        i.    A description of the nature of the claim;

        ii.    An affidavit representing that this Court has subject matter jurisdiction over the action;

        iii.    An affidavit representing that this Court has personal jurisdiction over the defendant;

        iv.    An affidavit representing that the defendant is not an infant or an incompetent;

        v.    A certificate of default stating that the defendant was properly served and failed to answer/appear, signed and stamped by the Clerk of the Court. (If the defendant did appear in the action, the plaintiff must submit an affidavit representing that the defendant has notice of the application for default);

        vi.    Fair attorneys' fees, if attorneys' fees are sought; and

        vii.    All appropriate substantiating documentation. *(Generally, a copy of the complaint satisfies (i), (ii), and (iii).)*

    B.    **Damages.** If the plaintiff seeks an award of damages in the motion for default judgment, the plaintiff must also include:

        i.    A request for an amount equal to or less than the principal amount demanded in the Complaint;

        ii.    Definitive information and documentation such that the amount provided for in the proposed judgment can be calculated. (If this requirement cannot be satisfied, a default judgment may be granted as to liability, and damages will be determined by an inquest);

        iii.    An affidavit representing that no part of the judgment sought has been paid, other than as indicated in the motion;

        iv.    A request for interest on the principal amount not to exceed 9%, if interest is sought; and

        v.    The calculations made in arriving at the proposed judgment amount.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :     CONSENT TO PROCEED BEFORE
                    :     UNITED STATES MAGISTRATE JUDGE
              Plaintiff(s),   :
                                 :
      - against -             :    _____ Civ. _____ (   )(   )
                                 :
                                 :
             Defendant(s).   :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

IT IS HEREBY STIPULATED by the undersigned:

      1. All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United States Magistrate Judge conduct all further proceedings in this action, including any trial and entry of final judgment.

      2. Any appeal from a judgment entered in this case will lie to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c).

_____     _____
Attorney(s) for Plaintiff(s)           Attorney(s) for Defendant(s)
Address                             Address
Telephone                         Telephone

_____     _____
Attorney(s) for _____    Attorney(s) for _____
Address                             Address
Telephone                         Telephone

(Separately executed forms may be submitted.  See Fed. R. Civ. P. 73(b).)

SO ORDERED.

_____
                           U.S.D.J.

Magistrate Judge _____ was assigned this case on _____.

_____
For:  Clerk U.S.D.C. S.D.N.Y.