UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

LEXINGTON INSURANCE COMPANY,    )

                 Plaintiff,    )     ECF Case No. 07 CV 3135 (WHP)

                            )

              vs.    )     **ANSWER**

                            )

ROCHDALE INSURANCE COMPANY,    )

                            )

             Defendant.    )
-----------------------------------------------------------------x

       Defendant Rochdale Insurance Company of New York ("Rochdale"), by and through its attorneys, hereby responds to the Complaint of Lexington Insurance Company ("Lexington") as follows:

       1.     Rochdale denies the allegations of Paragraph 1 of the Complaint, except admits that Lexington is seeking amounts allegedly due under the parties' reinsurance contract. Rochdale denies that any such amounts are due.

       2.     Rochdale denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

       3.     Rochdale admits that it is a company organized under the laws of the State of New York with its headquarters in the State of New York.

       4.     Rochdale admits that the amount in controversy exceeds $75,000. Rochdale denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 of the Complaint.

5.      Rochdale denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6.      Rochdale admits that Lexington issued Policy No. IF8606563 (the "Lexington Policy") to Browning Ferris, Inc., the terms of which Lexington Policy speak for themselves. Rochdale denies the remaining allegations of Paragraph 6 of the Complaint.

7.      Rochdale admits that it issued Facultative Certificate No. 03458 (the "Facultative Certificate") to Lexington, the terms of which Facultative Certificate speak for themselves. Rochdale denies the remaining allegations of Paragraph 7 of the Complaint.

8.      Rochdale admits that it issued the Facultative Certificate to Lexington, the terms of which Facultative Certificate speak for themselves. Rochdale denies the remaining allegations of Paragraph 8 of the Complaint.

9.      Rochdale admits that it issued the Facultative Certificate to Lexington, the terms of which Facultative Certificate speak for themselves. Rochdale denies the remaining allegations of Paragraph 9 of the Complaint.

10.      Rochdale admits that it issued the Facultative Certificate to Lexington, the terms of which Facultative Certificate speak for themselves. Rochdale denies the remaining allegations of Paragraph 10 of the Complaint.

11.      Rochdale denies the allegations of Paragraph 11 of the Complaint.

12.      Rochdale denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13.      Rochdale admits that on or about March 2, 2005, Lexington billed Rochdale $550,072.64 for the BFI loss. Rochdale denies that the billing was appropriate.

Rochdale admits that Lexington provided it with some information regarding the BFI loss. Rochdale denies the remaining allegations of Paragraph 13 of the Complaint.

14.    Rochdale admits that Lexington continued to seek payment of its billing for the BFI loss. Rochdale denies that any amount was owed. Rochdale denies the remaining allegations of Paragraph 14 the Complaint.

15.    Rochdale admits that it sought additional information regarding the BFI loss from Lexington. Rochdale denies the remaining allegations of Paragraph 15 of the Complaint.

16.    Rochdale admits that Lexington sent it copies of certain of the documents requested. Rochdale denies the remaining allegation of Paragraph 16 of the Complaint.

17.    Rochdale admits that it sought information from Lexington that would justify its billing. Rochdale denies the remaining allegations of Paragraph 17 of the Complaint.

18.    Rochdale admits that Lexington provided additional copies of certain documents. Rochdale denies the remaining allegations of Paragraph 18 of the Complaint.

19.    Rochdale admits that it denied Lexington's claim on November 1, 2006. Rochdale also admits that it informed Lexington on that date it had not justified its allocation of the BFI loss. Rochdale denies the remaining allegations of Paragraph 19 of the Complaint.

20.    Rochdale admits Lexington responded to the November 1, 2006 denial of coverage letter by repeating arguments it had previously made and its demand for payment. Rochdale denies the remaining allegations of Paragraph 20 of the Complaint.

21.    Rochdale admits that it denied Lexington's BFI claim. Rochdale denies the remaining allegations of Paragraph 21 the Complaint.

22.     Rochdale repeats and realleges its responses to Paragraphs 1 through 21 of the Complaint.

23.     Rochdale denies the allegations of Paragraph 23 of the Complaint.

24.     Rochdale denies the allegations of Paragraph 24 of the Complaint.

25.     Rochdale denies the allegations of Paragraph 25 of the Complaint.

26.     Rochdale repeats and realleges its responses to Paragraphs 1 through 25 of the Complaint.

27.     As Paragraph 27 of the Complaint contains no factual allegations, no response is required. To the extent that Paragraph 27 of the Complaint is construed to contain factual allegations, Rochdale denies them.

28.     Rochdale denies the allegations of Paragraph 28 of the Complaint.

29.     Rochdale denies the allegations of Paragraph 29 of the Complaint.

### AFFIRMATIVE DEFENSES

30.     Defendant repeats and realleges its responses to Paragraphs 1 through 29 of the Complaint.

31.     Upon the petition of the Superintendent of Insurance of the State of New York (the "Superintendent"), the Supreme Court of the State of New York (the "Rehabilitation Court") in the County of New York issued an order (the "Rehabilitation Order") placing Rochdale into rehabilitation in October 1999. Pursuant to New York Insurance Law § 7403, the Superintendent acted as rehabilitator (the "Rehabilitator") of Rochdale. The Rehabilitation Order directed the Rehabilitator to take possession of Rochdale's property, conduct its business and take such steps as possible to remove the causes and conditions which made the Rehabilitation

Order necessary. Rochdale had been placed into rehabilitation due to an impairment in its reported surplus to policyholders of $1,713,953.

32.    In May 2000, the Rehabilitation Court issued an order (the "Termination Order") terminating the rehabilitation proceedings against Rochdale.  The order was conditioned on the agreement of Amtrust Financial Services, Inc. ("Amtrust") to buy all the stock of Rochdale and make a capital contribution of $2.7 million to Rochdale pursuant to a plan (the "Rehabilitation Plan") devised by the Rehabilitator. At no point prior to, or during, the Rehabiltator's supervision of Rochdale did Lexington provide notice to Rochdale of any of the claims for which it now seeks relief.    In developing the Rehabilitation Plan, the Rehabilitator and all other interested parties, including Rochdale, relied on the accuracy of Rochdale's books and records in order to determine the amount of the capital contribution necessary to terminate Rochdale's rehabilitation.

## FIRST AFFIRMATIVE DEFENSE

33.    Plaintiff's claims are barred because it breached its contractual obligations to the defendant.

## SECOND AFFIRMATIVE DEFENSE

34.    Plaintiff's claims against Rochdale are barred, in whole or in part, by the applicable terms, conditions and limitations of the parties' contracts.

## THIRD AFFIRMATIVE DEFENSE

35.    The Plaintiff has failed to state a claim upon which relief can be granted against Rochdale.

## FOURTH AFFIRMATIVE DEFENSE

36.    The Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

37.    The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

38.    The Plaintiff's claims are barred due to late notice.


WHEREFORE, defendant Rochdale requests that judgment be entered in its favor and against the plaintiff with regard to all requests for relief and damage.


Dated:        New York, New York
              July 5, 2007


              Daniel Hargraves
              Andrew J. Costigan
              Hargraves, McConnell & Costigan, P.C.
              420 Lexington Avenue
              New York, NY  10170
              (212) 218-8760

              Attorneys for Defendant
              Rochdale Insurance Company of New York.